(No. 2386— ▇▇▇▇▇▇▇▇▇▇▇▇▇▇

HOWARD ENDRES, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed June 1, 1935.*

MILLER & SHAPIRO, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

Mr. Justice Linscott delivered the opinion of the court:

Claimant was employed at the Kankakee State Hospital as a carpenter on a three day a week schedule at $8.40 per day, or $25.20 per week.

On September 22, 1933, while preparing some lumber strips for use in the hospital, the left hand and thumb of the claimant came in contact with the rip saw and three-quarters of the thumb of his left hand became severed, and the second finger of the same hand was badly injured, and it is alleged that he lost practically the permanent, complete use of the finger. The second finger had the flesh cut to the bone, and was so injured that it can't be straightened out without help.

The case comes under the Workmen's Compensation Act, and claimant was disabled from the date of the accident to December 1, 1933, during which time he returned to work. During that time there was paid him the sum of $205.80. He was treated by physicians at the Institution, and the only question to be determined is the amount of compensation for the permanent disability.

The thumb was amputated below the joint, and under the Compensation Act he is entitled to recover for a complete loss of the thumb, which is 50 per cent of the average weekly wage during 70 weeks.

The evidence shows he has lost the permanent complete loss of the use of the second or middle finger of his left hand. His testimony is that the rip saw cut the bone about 4 inches and severed the muscles on the top or the back of his hand at a point about $\frac{3}{8}$ inch below the joint. He cannot open his finger. It is extended toward the inside of the hand at about a 45 degree angle, and it cannot be straightened without applying force to it. He has no control of the muscles in the finger except where the finger joins the hand. The evidence of the doctors shows an inability on the part of claimant to extend the phalange because of the injury, and it would seem he would have better use of the hand if this finger had been amputated at the middle joint. We feel that he has suffered the complete loss of the second finger.

Under the Statute, for the permanent and complete loss of the use of the second finger of his left hand, he would be entitled to fifty per cent of his average weekly wage during 35 weeks. He is, therefore, entitled for the loss of his second finger and thumb to 105 weeks at $12.60 per week, or the total sum of $1,323.00. He has been overpaid the sum of $83.40 by the State, and that sum should be deducted from the sum of $1,323.00.

We, therefore, make an award in favor of claimant for the sum of $1,239.60.